UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                         15-CR-6005L

                             v.

EDWARD AKEL,

                                  Defendant.
_____

       Defendant Edward Akel ("Akel") was indicted on January 15, 2015 in a five-count indictment which charged narcotics and related firearms offenses.   This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

       Akel duly moved to suppress physical evidence seized from both his residence at 217 Spring Tree Lane in Greece New York and his business, World Auto Sales, at 20 Stone Road, Rochester, New York.  Magistrate Judge Payson entertained oral argument on the motion.[1] Thereafter, Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #25) recommending that the District Court deny the motion to suppress evidence seized from both premises.  Akel duly filed Objections (Dkt. #30) to the Report and Recommendation and the

---

[1] Transcript of that argument has been prepared for this Court's review.

Government has filed a Response (Dkt. #33) to Akel's Objections. The matter is now before this Court for *de novo* review of the Magistrate Judge's Report and Recommendation.

I accept and adopt Magistrate Judge Payson's thorough Report and Recommendation. After reviewing all the matters submitted on the motion, I conclude that defendant Edward Akel's motion to suppress should be denied in all respects.

In this case, the evidence was seized pursuant to search warrants issued by a Monroe County Court Judge in December 2014. The warrants were issued by the County Court Judge based on an affidavit from Rochester Police Investigator Martin Logan. The essence of Akel's motion was that the affidavit submitted to the County Court Judge failed to establish probable cause as to the existence of drug activities at Akel's residence and business and that the affidavit contained stale information. Akel continues to assert those arguments in his Objections to the Report and Recommendation.

I believe Magistrate Judge Payson carefully reviewed the arguments presented and discussed the relevant law germane to the facts of this case. This was not a case where the police took independent action without judicial oversight. Rather, an affidavit was submitted to a County Court Judge who determined that the submissions were adequate and issued search warrants for the two premises at issue. The affidavit by Investigator Logan described a series of controlled purchases involving a confidential informant. Purchases occurred at both Akel's residence and business. The confidential informant was working with an intermediary who apparently had more direct contact with Akel. The affidavit of Logan established that there were several transactions involving not insubstantial quantities of drugs. The last transaction which occurred shortly before execution of the warrant involved $2,250.00 worth of narcotics.

I agree with Magistrate Judge Payson's conclusion that there was evidence presented to the issuing County Court Judge to establish probable cause of significant narcotic activity by Akel. It may have been that an intermediary was involved as well but the standard is not certainty but probable cause that narcotics activity had occurred at the premises thereby justifying the police intrusion to search. Magistrate Judge Payson carefully set forth the law concerning the standards that apply to a judicial officer authorizing a search warrant. That judge must determine that there is a fair probability that contraband or evidence of a crime will be found and that a reviewing court must determine only that the issuing judge had a substantial basis for concluding that probable cause existed. I agree with Magistrate Judge Payson that the evidence here, which was presented to the County Judge, established probable cause.

Also, although there was some time lapse between some of the controlled purchases and the application for the warrant, the time lapse was not so great as to render the evidence stale. As is often the case, there was a continuing investigation and multiple controlled purchases. There was no requirement that the officers obtain a search warrant immediately at the conclusion of the first controlled purchase; rather they were entitled to develop the investigation further.

I also agree with Magistrate Judge Payson that this is a case where the good-faith exception enunciated in *United States v. Leon*, 468 U.S. 897, 920-21 (1984) should apply. The investigator on the case presented a detailed affidavit to a County Court Judge who issued warrants for both premises. There is no reason why the investigator or his fellow officers could not rely on that warrant and execute it as authorized by the judge. It appears clear that the officers' reliance on the warrant was objectively reasonable. The issuing County Court Judge considered the matters submitted by Investigator Logan and determined that there was probable

cause justifying issuance of the warrant. There is no reason why the officers could not have relied on the judgment of the issuing County Court Judge. In light of that, even if there were some legal arguments as to the sufficiency of the material presented, there is no reason why the good-faith exception of *Leon* should not apply and, therefore, there is no basis to suppress evidence seized pursuant that duly authorized search warrant.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #25) issued by United States Magistrate Judge Marian W. Payson. After my *de novo* review, I agree with the Magistrate Judge's determination, and I hereby deny defendant Edward Akel's motion to suppress evidence seized at 217 Spring Tree Lane, Greece, New York and 20 Stone Road, Rochester, New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         February 29, 2016.